# CASES IN CHANCERY.

---

## NICHOLAS I. DOREMUS v. RALPH DOREMUS and others.

J. conveyed to D., who had married his daughter, the equal undivided third part of a farm of 175 acres. J. died, and devised to his daughter, the wife of D., during her natural life, his undivided two third parts of the said farm, and after her death to her husband, the said D., and to his heirs begotten of her body, to be equally divided between them. D.'s wife died; and, afterwards, D. died, seized of the said undivided third part of the said farm and other lands, leaving five children, and leaving a will, by which he devised to two of his sons, in equal shares, in fee, a lot of land of ten acres, describing it by metes and bounds, which ten acres was a part of the said undivided farm of 175 acres, and devised to his said five children all the residue of his estate, real and personal, in equal shares. The said ten acres embraced the dwelling-house and other buildings belonging to the said farm. On bill for partition, the Court directed, that a division of the said farm be first made into two parts, one part to contain one-third, and the other, two-thirds, and that the one-third be assigned to the estate of D., in such way as to include the said ten acres; and that the portion so set off as two-thirds of the said farm be then divided into five shares, one share thereof to be assigned to each of the said five children; and that, of the part so set off as the one-third of the said farm, the ten acres so devised by D. to the two sons be assigned to the said sons; and that the residue of the said third part be divided among the five children of D.

The facts sufficiently appear in the opinion delivered by the Court.

*Hopper* and *A. S. Pennington* for the complainant.

*Barkalow* for the defendants.   He cited 3 *Paige*, 470, 4, 553.

THE CHANCELLOR.   On the 9th of April, 1808, Roeliff Jacobus and his wife, for the consideration of $1,666, conveyed to

Peter T. Doremus, who had married Susan, the daughter of the said Roeliff, the equal undivided third part of a farm of 175 acres.

Roeliff Jacobus died February 15th, 1809, leaving a will, by which he directed, that his widow Jane should remain in possession of all his estate, real and personal, during her natural life ; and then devised to his daughter Susan, wife of Peter T. Doremus, during her natural life, his undivided two third parts of the said farm, and after her death to her said husband, the said Peter T. Doremus, and to his heirs begotten of her body, to be equally divided between them ; but if his said daughter should survive her said husband, then to her and the children of said Peter begotten of her body.

Susan, the wife of Peter T. Doremus, died in 1840. Peter T. Doremus died October 5th, 1846, in possession of said farm, having made some improvement to the buildings, leaving five children, namely, Ralph Doremus, Cornelius P. Doremus, Thomas P. Doremus, Francis P. Doremus, and Nicholas I. Doremus, (the complainant,) and seized of the said undivided third part of the said farm, and of other lands held by him in severalty ; and leaving a will, by which he devised to two of his sons, namely, Thomas and Cornelius, in equal shares, and to their heirs and assigns forever, subject to the payment of legacies amounting to $200, a lot of land of ten acres, describing it by metes and bounds, which ten acres was a part of the undivided farm of 175 acres ; and devised to his said five sons all the residue of his estate, real and personal, to them, their heirs, &c., to be divided among them, share and share alike. The ten acres embraced the dwelling-house and other buildings belonging to the said farm. The bill is for partition.

The case presents a complicated and difficult question. It seems to be one of those cases for partition in which the Court is called upon to administer relief " *ex equo et bono,* according to its own notions of equity between the parties," as is said in 1 *Story's Eq. Jur.* sec. 656b ; where it is, also, further said, that equity will, by its decree, adjust all the equitable rights of the parties interested in the suit ; and will, if necessary for this purpose, give special instruction to the Commissioners.

It seems to me that a division should first be made into two parts; one part to contain two-thirds, and the other, one-third. If, in making that division, the Commissioners should assign to the estate of Doremus a third in such way as to include the ten acres, I should not think it wrong, but wise, in consideration of the improvements made by Doremus and the provisions of his will. I think, therefore, that the Court need not hesitate to instruct the Commissioners so to assign the third to the estate of Doremus.

The division being thus far made, the portion set off as two-thirds of the 175 acres will be divided into five parts, if it is susceptible of such division; if not the Commissioners will so report. The ten acres of the part so set off as the remaining third can then be set off from the residue of that third, and assigned to the two devisees thereof under Doremus's will, and the said residue then be divided into five parts, if susceptible of such division; if not the Commissioners will so report.

If the ten acres, including the buildings, be not more than a third in value of the whole 175 acres, the ten acres may as well be assigned to one as to the other of the parties; no complaint could be made by either of its being assigned to the other. It is a matter of indifference which party gets any particular portion of the land. There seems, therefore, to be no good reason why the Commissioners, or the Court, should not, in making partition, or directing the mode in which partition shall be made, have regard to ulterior interests of some of the parties, which interests might be defeated by one mode of division and protected by another.

After much reflection it seems to me that the Commissioners should be instructed as above stated.

Order accordingly.